**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | **Crim. ID No. 1501018069** |
| | ) | **Cr. A. Nos. PN15-11-0720, etc.** |
| KADIR MCCOY, | ) | |
| Defendant | ) | |

Submitted:  May 6, 2025
Decided:  July 30, 2025

*Upon Defendant Kadir McCoy's*
*Motion for Correction of an Illegal Sentence,*
**DENIED**.

**ORDER**

This 30th day of July, 2025, upon consideration of the Defendant Kadir McCoy's Motion to Correct an Illegal Sentence (D.I. 131), and the record in this matter, it appears to the Court that:

(1)   In November 2015, Kadir McCoy was named in a 107-count re-indictment that included himself and 13 co-defendants.[1]  Therein, Mr. McCoy was charged with crimes that were first included in an April 2015 indictment and many new counts.[2]  In all, Mr. McCoy faced:  one count of gang participation; two counts of first-degree murder (alleging two separate intentional murders on two different dates); three counts of first-degree

---

[1]   D.I. 28 (Re-Indictment).

[2]   D.I. 3 (Indictment).

robbery; two counts of aggravated menacing; seven counts of possession of a firearm during the commission of a felony (PFDCF); two counts of first-degree conspiracy, one count of second-degree conspiracy, four counts of possession of a firearm by a person prohibited, four counts of possession of a handgun by a juvenile, one count of carrying a concealed deadly weapon, one count of wearing a disguise during a felony, and one count of resisting arrest.[3]

(2)    In March 2017, Mr. McCoy pleaded guilty to the gang participation count, two reduced charges of second-degree murder, one count of first-degree robbery, two counts of PFDCF, and two counts of first-degree conspiracy.[4]    In his guilty plea papers and during his plea colloquy, he acknowledged that he faced:  (a) up to 3 years of imprisonment for the gang participation charge; (b) a sentence ranging from 15 years to life imprisonment for each murder count; (c) a sentence ranging from 3 to 25 years of imprisonment for the robbery count; (d) a sentence ranging from 3 to 25 years of imprisonment for each of the PFDCF counts; and (e) up to 5 years of imprisonment for each first-degree conspiracy charge.[5]    In those same documents and at the same change-of-plea proceeding, Mr. McCoy and the

_____

[3]    D.I. 28.

[4]    *See* D.I. 61 (Plea Agreement and TIS Guilty Plea Forms).

[5]    Plea Agreement and TIS Guilty Plea Forms; Mar. 3, 2017 Plea. Hrg. Tr., at 10-13 (D.I. 75).

presenting attorneys each agreed that the minimum term the Court could impose was 39 years of incarceration.[6] And the State bound itself to a recommendation of no more than that minimum cumulative 39-year term.[7]

(3) Mr. McCoy was sentenced several months later as follows: (a) for the first murder in the second-degree count (IN15-11-0878)—15 years at Level V; (b) for the second murder in the second-degree count (IN15-11-0720)—15 years at Level V; (c) for the first-degree robbery count (IN15-11-0899)—3 years at Level V; (d) for the first PFDCF count (IN15-11-0721)—3 years at Level V; (e) for the second PFDCF count (IN15-11-0885)—3 years at Level V; (f) for the first first-degree conspiracy count (IN15-11-0879)—5 years at Level V, suspended in whole 5 years at Level IV-DOC Discretion, suspended after 9 months of Level IV supervision, for two years of intensive community supervision at Level III; (g) for the second first-degree conspiracy count (IN15-08-0882)—5 years at Level V, suspended in whole for 2 years of intensive community supervision at Level III; and, (h) for the charge of gang participation (IN15-11-0877)—1 year at Level V, suspended in whole for 1 year of intensive community supervision at Level III.[8] So, each individual

---

[6] Plea Agreement and TIS Guilty Plea Forms; Mar. 3, 2017 Plea. Hrg. Tr., at 10-13.

[7] Plea Agreement and TIS Guilty Plea Forms; Mar. 3, 2017 Plea. Hrg. Tr., at 10-13.

[8] D.I. 40 (Sentencing Order); Aug. 18, Sent. Hrg. Tr., at 11-16 (D.I. 73).

segment and the cumulation of Mr. McCoy's sentence is at the absolute baseline minimum incarcerative term the relevant statutes required and that he agreed were applicable.[9] That is, the Court ultimately imposed precisely that which the State and Mr. McCoy bargained for.

(4) While Mr. McCoy does not cite it expressly, it's Criminal Rule 35(a) that permits this Court to correct an illegal sentence "at any time."[10] Relief under Rule 35(a) is available when, *inter alia*, the sentence imposed: exceeds the statutorily-authorized limits; omits a term required to be imposed by statute; is uncertain as to its substance; or, is a sentence that the judgment of conviction did not authorize.[11]

(5) Mr. McCoy avoids any specifics about his actual case or sentence when joining voice with a bevy of other sentenced inmates to baldly claim his sentence is illegal and he is due sentencing relief under the United States Supreme Court decision in *Erlinger v. United States*.[12] But as is the case with

---

[9]   *See* DEL. CODE ANN. tit. 11, § 635 (2014) (Murder in the second degree is a class A felony for which one must receive "not less than 15 years up to life imprisonment to be served at Level V"); *id.* at §§ 832(b) and 4205(b)(2) (first-degree robbery is a class B felony carrying a "minimum sentence of 3 years" and a ceiling of "up to 25 years to be served at Level V"); *id.* at §§ 1447A(c) and 4205(b)(2) (PFDCF is a class B felony carrying a "minimum sentence of 3 years" and a ceiling of "up to 25 years to be served at Level V").

[10]   Super. Ct. Crim. R. 35(a) ("*Correction of sentence.* -- The court may correct an illegal sentence at any time . . .").

[11]   *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[12]   *See State v. Morrison*, 2025 WL 1431931, at *2 (Del. Super. Ct. May 19, 2025) (citing *State v. Archy*, 2025 WL 1330215, at *2 (Del. Super. Ct. May 7, 2025) which made note

-4-

so many of those others, *Erlinger* is of no assistance to him because not one of his several sentences was—via some statutory mechanism—enhanced in any way on either the minimum end or at the maximum end.[13]

(6)    Simply put, there is no demonstrable illegality in the substance of Mr. McCoy's sentence.  Thus, he is due no relief under this Court's Criminal Rule 35(a), so his motion thereunder is **DENIED**.

**SO ORDERED,**

/s/ *Paul R. Wallace*

Paul R. Wallace, Judge

Original to Prothonotary

cc:  Mr. Kadir McCoy, *pro se*
     John W. Downs, Deputy Attorney General

---

of the "blizzard of *pro se* pleadings from inmates seeking relief" through resort to *Erlinger v. United States* 602 U.S. 821 (2024)).

[13]   *See Phillips v. State*, 2025 WL 1693652, at \*2 (Del. June 16, 2025) (holding that *Erlinger* did not apply to the Rule 35(a) movant because his "sentence was not subject to enhancement based on [his] prior criminal conduct"); *Morrison*, 2025 WL 1431931, at \*2 ("[W]hile in his most recent prayer for sentencing relief, [movant] has joined chorus with so many other sentenced inmates incanting the United States Supreme Court decision in *Erlinger v. United States*, *Erlinger* can lend no voice here because his [ ] sentence wasn't enhanced in any way on either the minimum or maximum end.").